# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD G. WARRICK, )
) Civil Action No. 13 – 1498
Petitioner, )
)
v. ) Chief Magistrate Judge Lisa Pupo Lenihan
)
STATE OF PENNSYLVANIA and )
THE ATTORNEY GENERAL OF )
THE STATE OF PENNSYLVANIA, )

Respondents.

## MEMORANDUM ORDER

Petitioner has filed what he calls a Petition for Allowance of Appeal. In essence, he seeks reconsideration of this Court's Order dated April 17, 2014, dismissing his petition for writ of habeas corpus as untimely. The Court will therefore treat the pending petition as a Motion for Reconsideration.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the

court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrboach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

Petitioner makes several excuses for why he his habeas petition was untimely filed in federal court. However, none of these arguments warrant reconsideration of this Court's Order dismissing his petition as untimely. Consequently, his Petition for Allowance of Appeal, which is construed as a Motion for Reconsideration, will be denied.

Petitioner is reminded that, pursuant to the Federal Rules of Appellate Procedure, he has thirty (30) days from the date this Court entered its Order dismissing his petition to file a Notice of Appeal. Because this Court entered its Order of dismissal on April 17, 2014, Petitioner must file his Notice of Appeal by **May 19, 2014** if he wishes to appeal that Order.[1]

**AND NOW**, this 30th day of April, 2013,

**IT IS HEREBY ORDERED** that the Petition for Allowance of Appeal is construed as a Motion for Reconsideration and is **DENIED**.

---

[1] Thirty (30) days from April 17, 2014 (May 17, 2014) falls on a Saturday. Thus, Petitioner has until the next business day to file his appeal – May 19, 2014. *See* Fed. R. App. P. 26(a)(1)(C).

/s/ Lisa Pupo Lenihan

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Ronald G. Warrick
HB-7997
SCI Pittsburgh
PO Box 99991
Pittsburgh, PA  15233
*Via First Class Mail*

Counsel of Record
*Via CM/ECF Electronic Mail*